(1) In civil cases, but not in criminal, the post-mark on a letter is sufficient *prima facie* evidence of the time and place of putting it into the post-office. And if there be any doubt of the post-mark, it may be established by the evidence of any person in the habit of receiving letters with that mark, as well as by the clerk in the post-office. 2 Greenleaf Ev., s. 193.

---

Nov. Term, 1851.

Timmons v. Timmons.

TIMMONS and Others *v.* TIMMONS.

Decree in the Probate Court for the sale of real estate of an intestate upon the petition of the administrator. Assignment of error in the Supreme Court, that a final decree was taken against an infant defendant, *A.*, without the appointment of a guardian *ad litem* for her, and upon the appearance by attorney. Plea to the assignment, that at the time of the rendition of the decree, the said *A.* was of full age. *Held*, upon demurrer, that the plea was bad.

ERROR to the *Tippecanoe* Probate Court.

BLACKFORD, J.—The defendant in error, as administrator of *Stephen Timmons*, deceased, filed a petition in the Probate Court of *Tippecanoe* county, for an order to sell certain real estate of the intestate. There were several defendants, one of whom was *Amelia Timmons*.

The Court granted an order for the sale of the real estate described in the petition.

Wednesday, December 17.

Nov. Term,
1851.

The defendants below are the plaintiffs in error.

One of the assignments of error is, that a final decree is taken against an infant defendant, Amelia Timmons, without the appointment of a guardian ad litem for her, and upon the appearance by attorney.

To that assignment, the defendant in error (the petitioner) pleaded that, at the time of the rendition of the decree, the said Amelia was of full age.

Demurrer to the plea.

This demurrer must be sustained. The said assignment of error is correctly filed in this Court, if the error complained of appears in the transcript. If such error does not appear on the face of the transcript, the proper plea is, in nullo est erratum.

This not being a case relating to a will, we must be governed in our decision by what appears in the transcript. R. S. p. 634, s. 54.

Per Curiam.—The demurrer is sustained.

J. Pettit and S. A. Huff, for the plaintiff.

D. Mace and W. C. Wilson, for the defendant.